IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02909-RM-KMT

FARLAN A. ROBERTSON; and,
LAURA E. ROBERTSON

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION;
OCWEN LOAN SERVICING, LLC;
BARRETT FRAPPIER & WEISSERMAN, LLP; and
NICOLE WILLIAMS,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 22), requesting this Court to remand this action from where it was removed. Defendants U.S. Bank National Association and Ocwen Loan Servicing, LLC (collectively, "Lender Defendants") have filed a response. The Court finds no further briefing is required. Upon consideration of the record, and the applicable law, the Court finds and orders as follows.

**I.    BACKGROUND**

This consolidated action was removed to this court by Lender Defendants, with the consent of Defendant Barrett Frappier & Weisserman, LLP,[1] based on federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.

---

[1] The only other named defendant at the time of removal.

Thereafter, Plaintiffs amended their complaint, withdrawing the federal claims upon which removal was based.[2] Plaintiffs' Motion followed.

## II. ANALYSIS

The two cases are related, but different. Defendant U.S. Bank filed its action first. It filed a Verified Motion for Order Authorizing a Foreclosure Sale under C.R.C.P. 120 (the "Foreclosure Proceeding"), seeking foreclosure of Plaintiffs' real property in Pueblo County, Colorado. Thereafter, Plaintiffs filed their action against Defendants. Essentially, in that action, Plaintiffs alleged that Defendants mishandled Plaintiffs' loan and wrongfully filed the Foreclosure Proceeding. Plaintiffs moved to consolidate the two actions, which motion was granted by the state court. The Lender Defendants' removal of the consolidated action to this court followed.

Plaintiffs now seek a remand arguing (1) there are no longer any federal claims at issue; (2) Defendants[3] waived their right to remove since they filed the Foreclosure Proceeding in state court in the first instance; and (3) federal court is not the proper jurisdiction for a state court foreclosure action. In response, Lender Defendants argue (2) this court has supplemental jurisdiction over the state law claims, which they concede this court may decline to exercise; (2) Plaintiffs waived any right to remand based on procedural irregularities by filing an amended complaint; and (3) Lender Defendants waived no right to remove this action once it was removable upon consolidation. The Court addresses these arguments below, although not in the

---

[2] Lender Defendants contend that leave or consent to amend was required as Plaintiffs previously amended once in the state court. The Court finds Lender Defendants have waived any right to object now as, prior to filing their response, Lender Defendants at no time advised the court of such earlier amendment (*see, e.g.,* ECF No. 1 at ¶1, advising only of one complaint) or objected to the amendment. (*See Dkt.*)
[3] Only Defendant U.S. Bank was a party to the Foreclosure Proceeding.

order raised.

The Court starts by addressing three preliminary matters. First, the Court finds it had subject matter jurisdiction when the action was removed due to the then pending federal claims. Next, concomitantly, the Court finds there was no waiver of any right to remove the consolidated action by Defendant U.S. Bank based on the contention that it filed the Foreclosure Proceeding in state court. Plaintiffs fail to show that a *C.R.C.P. 120* action could originally have been filed in federal court. Moreover, as Lender Defendants contend, any procedural irregularities were waived by Plaintiffs' filing of an amended complaint without raising such irregularity.

Third, the Court finds Plaintiffs are arguing for remand based not only on any procedural irregularity in the removal process but also on whether subject matter jurisdiction now exists. And, Plaintiffs' filing of an amended complaint does not waive any right to challenge the continuing exercise of subject matter jurisdiction. Indeed, this issue arose after the filing of the amended complaint. Accordingly, in summary, the Court finds removal was proper and the issue of whether the Court should decline to exercise supplemental jurisdiction and remand this case is appropriately before it.[4]

In this case, the Court finds supplemental jurisdiction should be declined. Supplemental jurisdiction is a doctrine of discretion, not of right. *Hubbard v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.*, 759 F. App'x 693, 713 (10th Cir. 2018) (citations omitted). Therefore, a district court may decline to exercise supplemental jurisdiction in "exceptional cases." 28 U.S.C.

---

[4] In fact, a district court may raise this issue *sua sponte*. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1002 (9th Cir. 1997), *supplemented on other grounds*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("Because sensitive issues of federalism are involved, and because there are strong reasons to discourage the exercise of supplemental jurisdiction when one of the conditions of § 1367(c) is met, district courts should consider *sua sponte* whether to exercise supplemental jurisdiction.")

§ 1367(c)(4). The record shows this is an exceptional case.

Specifically, the action now before this court is in its early stages; the removal was filed on October 11, 2019, less than two months ago. No scheduling conference has been held or substantive orders have been issued. The Foreclosure Proceeding, however, was filed on or about April 24, 2019 and therefore was pending in state court for about six months before Lender Defendants removed the matter to this court. In fact, the record discloses that Magistrate Judge Kelle Thomas was ready to hear the Foreclosure Proceeding just before this matter was removed and is well positioned to hear the matter if remanded now in light of Judge Thomas's familiarity with the case. Moreover, a C.R.C.P. 120 proceeding is uniquely a matter of state court procedural and substantive law over Colorado real property. As such, the Court adheres to the Tenth Circuit's recognition that federal courts should "generally decline to exercise supplemental jurisdiction when no federal claims remain because 'notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). The Court finds no such reasons here.

One final issue remains – whether the Court should dismiss without prejudice or remand. Plaintiffs sought remand under 28 U.S.C. § 1447(c) (which applies where the court lacks subject matter jurisdiction) but, as Lender Defendants contend, the jurisdictional issue here is more properly considered under 28 U.S.C. § 1367(c) (which applies where the court declines to exercise supplemental jurisdiction). Thus, the Court may either remand the claims to the state court or dismiss them. *Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 354, 357 (1988) and *Robles v. City of*

*Fort Wayne*, 113 F.3d 732, 738 (7th Cir. 1997)). In the interest of judicial economy and to avoid any undue prejudice to the parties, such as delay in this proceeding, the Court finds remand is appropriate.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS**

(1) That the Motion to Remand (ECF No. 22) is **GRANTED** as stated herein; and

(2) That, pursuant to 28 U.S.C. § 1367(c)(4), the Court declines to exercise supplemental jurisdiction over the state law claims;

(3) That this case is **REMANDED** to the District Court, County of Pueblo, State of Colorado, where it was filed as Case No. 2019CV030586; and

(4) That the Clerk shall close this case.

DATED this 2nd day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge